IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | : | MDL Docket No. 4:03-CV-01507-WRW |
| | : | 4:10-CV-00409-WRW |
| **PREMPRO PRODUCTS LIABILITY** | : | |
| **LITIGATION** | : | |
| | : | |
| | : | |
| **SHARON M. SELMAN,** *et al.* | : | PLAINTIFFS |
| | : | |
| v. | : | |
| | : | |
| **PFIZER, Inc.,** *et al.* | : | DEFENDANTS |

**ORDER**

Pending is Plaintiffs' Motion to Remand (Doc. No. 24).  Plaintiffs request remand of this case for lack of subject matter jurisdiction.  Defendants responded[1] and Plaintiffs replied.[2]  For the reasons set forth below Plaintiffs' motion is GRANTED.

**I.    BACKGROUND**

On February 23, 2010, Plaintiffs filed a Complaint in the Multnomah County Circuit Court of Oregon alleging negligence and strict liability claims against drug manufacturers[3] and professional negligence against physicians.[4]  On April 9, 2010, this case was transferred to MDL-1507 in the Eastern District of Arkansas.[5]  Plaintiffs assert that complete diversity is

---

[1] Doc. No. 29; Doc. No. 31.

[2] Doc. No. 33.

[3] Pfizer Inc.; Wyeth; Wyeth Pharmaceuticals.

[4] Women's Healthcare Associates; Miles Seeley, MD; Columbia View Family Health Center; Douglas L. Eubanks, DO; Harpreet Daisy Dhillon, DO; Valley view Medical Clinic, PC; Paula J. Spencer, DO; Steven Lisook, DO.

[5] Doc. No. 19.

1

lacking, and the case should be remanded. Defendants argue there is complete diversity because Plaintiffs fraudulently joined the non-diverse physician Defendants.

## II. DISCUSSION

### A. Fraudulent Joinder of Physicians

To merit remand, Defendants must show that Plaintiffs filed a "frivolous or otherwise illegitimate claim against a nondiverse defendant,"[6] that does not allege a colorable cause of action under Oregon state law. If there is any uncertainty, "the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide."[7]

Upon review, Defendants here failed to show they are fraudulently joined because Plaintiffs' professional negligence claim is plausible under Oregon state law. Furthermore, the affidavits do not convince me that Plaintiff Selman has no intention of proceeding with her professional negligence claim against her physician Defendants upon remand.

#### 1. Affidavits Alleging Absence of Good Faith Intention

Defendants and Plaintiffs present contradictory evidence recounting conversations between Plaintiff Sharron Selman, and her physician, Defendant Dr. Miles Seeley.[8] After reading the affidavits and making all inferences in Plaintiffs' favor,[9] it is unclear whether or not Plaintiff Selman intends to pursue the professional negligence claim against her physician. The affidavit from Defendant Seeley alleges Plaintiff Selman told him that she did not want to bring

---

[6] *Filla v. Norfolk Southern Ry. Co.*, 336 F.3d 806, 810 (8th Cir. 2003).

[7] *Filla*, 336 F.3d at 809.

[8] See *Parnas v. Gen.. Motors Corp.*, 879 F. Supp. 91, 92-93 (E.D. Mo. 1995).

[9] *Filla*, 336 F.3d at 811.

2

a professional negligence claim against him but had to in order to remain in state court, and that Plaintiff Selman told him she had researched HRT and knew of the risks.[10]  Plaintiff Selman refutes both claims.[11]

In support of fraudulent joinder, Defendants cite a decision in the Diet Drug MDL where the plaintiffs made an explicit agreement promising to drop claims if the nondiverse defendant would oppose removal, but here there is no evidence of an agreement between Plaintiff Selman and Defendant Seeley.[12]  In the Diet Drug case, the court also found that plaintiffs failed to state a colorable cause of action against the defendant who agreed to oppose removal, therefore the agreement was not the sole catalyst for finding fraudulent joinder.[13]  In the very same case the court allowed claims against physicians, as long as they prescribed the diet drug to one of the plaintiffs; a decision that weighs in favor of Plaintiffs' claim against their physician Defendants.

The Diet Drug MDL is not convincing because there is no reliable evidence of a backroom *quid pro quo* deal made between Plaintiff Selman and Defendant Seeley to manipulate jurisdiction.[14]  Also, the evidence that Plaintiff Selman had independent knowledge of the risks of HRT is not sufficiently conclusive to find that her professional negligence claim is a sham.

---

[10] Doc. No. 32.

[11] Doc. No. 34.

[12] *In re Diet Drugs Prods. Liab. Litig.*, 220 F. Supp. 2d 414, 421-22 (E.D. Pa. 2002).

[13] *Id.* at 422 (finding the nondiverse drug manufacturer was dropped in each prior case due to lack of evidence the specific drug they made contributed to the plaintiff's injury).

[14] *Id.* at 421 (finding lack of good faith based upon the sworn testimony of a plaintiff's lawyer, a related inquiry by defendant's lawyer into the ethical implications of a removal agreement with plaintiffs, and a corroborative voice mail message).

## 2. Plausibility of Cause of Action Based Upon Facts Alleged

Pleadings must cite sufficient factual matter, accepted as true, to state a claim against physicians to relief that is plausible.[15] Defendants insist the professional negligence claim is in conflict with the concealment of risks claim, arguing that Plaintiffs cannot show physicians "unreasonably created a foreseeable risk,"[16] if the risks were concealed. I disagree, because it is possible that a drug manufacturer concealed risks and the physicians knew, or should have known, of those or other risks. Regardless, the real question is not whether Plaintiffs presented inconsistent theories, it is whether the allegations presented are adequately pleaded.[17]

Defendants claim that in a similar case, related to the prescription drug Baycol, the court dismissed claims against the physician defendant after finding the central tenor was that the drug manufacturer concealed risks and failed to warn the prescribing physicians. The court in the Baycol case denied remand because the plaintiff has not included any factual assertions that her doctor knew or should have known of Baycol's risks.[18] The difference here is that the Complaint does specify that physician Defendants knew, or should have known through independent research, of the risks after the year 2005 and negligently failed to warn Plaintiffs regardless of any concealment of those risk by the drug manufacturer.[19]

---

[15] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[16] *See* Doc. No. 30 (quoting *Fazzolari v. Portland School Dist.*, 734 P.2d 1326 (1987).

[17] *See* Fed. R. Civ. P. 8(d)(3).

[18] *In re Baycol Prods. Litig*, No. MDL 1431(MJD), 02-4835, 2003 WL 21223842 (D. Minn. 2003).

[19] Doc. No. 1.

### B.    Fraudulent Misjoinder of Physicians

Under 28 U.S.C. § 1407(a),[20] if parties are misjoined, I can sever them before ordering remand,[21] but find no compelling reason to do so.

### CONCLUSION

Based on the findings of fact and the conclusions of law above, Plaintiffs' Motion to Remand (Doc. No. 24) is GRANTED.  Accordingly, this case is REMANDED to the Multnomah County Circuit Court of Oregon.

IT IS SO ORDERED this 20th day of July, 2010.

/s/ Wm. R. Wilson, Jr.
UNITED STATES DISTRICT JUDGE

---

[20]*See also* Fed. R. of Civ. P. 21.

[21]*In re Rezulin Prods. Liab. Litig*, 168 F. Supp. 2d 136, 148 (holding that in the interest of efficiency the MDL court will address misjoinder when it affects federal jurisdiction).